RYAN H. WEINSTEIN (Cal. Bar No. 240405)
ryan.weinstein@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Boulevard
Los Angeles, California 90067
Telephone: +1 310 975 3310
Facsimile: +1 310 975 3400

AMY JANE LONGO (Cal. Bar No. 198304)
amy.longo@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel: +1 415 315 2301
Fax: +1 415 315 6350

LORI LOWENTHAL MARCUS*
lorilowenthalmarcus@deborahproject.org
JEROME M. MARCUS*
jmarcus@deborahproject.org
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, Pennsylvania 19066
Tel: +1 610 880 0100
Fax: +1 610 664 1559

GREGG L. WEINER*
gregg.weiner@ropesgray.com
ALEXANDER B. SIMKIN*
alexander.simkin@ropesgray.com
ELANA M. STERN*
elana.stern@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Tel: +1 212 596 9000
Fax: +1 212 596 9090

*Attorneys for Plaintiffs*

WILLIAM TUNICK, (Cal. Bar No. 245481)
wtunick@DWKesq.com
SUE ANN EVANS, (Cal. Bar No.151562)
sevens@DWKesq.com
ELLYN MOSCOWITZ (Cal. Bar No. 129287)
emoscowitz@DWKesq.com
DANNIS WOLIVER KELLEY
200 California Street Suite 400
San Francisco, CA. 94111
Tel: 1-415-542-4111
Fax: 1-415-543-4384

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SAM KASLE, *et al.*,

Plaintiffs,

v.

KAREN VAN PUTTEN, *et al.*,

Defendants.

Case No. 3:24-cv-08015-MMC

**JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

Conference Date: February 28, 2025
Time: 10:30 a.m. PT
Courtroom: 7 – 19th floor

Pursuant to the Federal Rule of Civil Procedure Rule 26(f); Civil Local Rules 16-3 and 16-9(a); the Court's Case Management Conference Order (ECF No. 35); the Court's Standing Orders; and the Standing Order for All Judges of the Northern District of California, Plaintiffs Sam and Andrea Kasle, as Guardians ad Litem for their daughter, L.K., Igor and Marina Bershteyn, as Guardians ad Litem for their daughter, S.B., Margarette Kesselman, as Guardian ad Litem for her son, W.K., Scott and Lori Lyle, as Guardians ad Litem for their son, A.L., Daniel and Jennifer Reif, as Guardians ad Litem for their daughter, O.R., and Lisa Joy Rosner, as Guardian ad Litem for her daughter, D.B. (collectively, "Plaintiffs") and Defendants Karen Van Putten, Charles Velschow, Wendy Porter, Gregory S. Gruszynski, Karl Losekoot, Crystal Leach, Bonnie Hansen, Todd Beal, Carrie Du Bois, Richard Ginn, Amy Koo, Sathvik Nori, and Shawneece Stevenson (collectively, "Defendants," and together with Plaintiffs, the "Parties") submit the following Joint Report of their Rule 26(f) Conference and Initial Case Management Conference Statement.

The Parties held an early meeting of counsel on January 14, 2025, and a Rule 26(f) conference on January 30, 2025. Attending these meetings were Lori Lowenthal Marcus, Jerome Marcus, Ryan Weinstein, and Elana Stern on behalf of Plaintiffs, and William Tunick, Sue Ann Salmon Evans, and Ellyn Moscowitz on behalf of Defendants.

## I. <u>JURISDICTION AND SERVICE</u>

Plaintiffs filed their complaint (the "Complaint," ECF No. 1) on November 15, 2024. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States, and pursuant to 28 U.S.C. § 1343, because the claims concern deprivation of rights or privileges of United States citizens and secured by the Constitution and laws of the United States providing for equal rights of citizens or of all persons. This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Sequoia Union High School District (the "District") resides in this judicial district and all Defendants reside in California, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

Defendants have waived service of the summons and complaint. (ECF No. 37.) There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

## II. FACTS

### A. Plaintiffs' Contentions:

Plaintiffs are guardians ad litem for their minor children, each of whom are or were students at schools within the Sequoia Union High School District (the "District"). Defendants are certain District trustees, officials, administrators, and teachers. This lawsuit stems from Defendants' egregious failures to address an alarming surge of antisemitism at District schools since October 2023, which has created a persistently hostile learning environment for Jewish students. The District's trustees, administrators, officials, and certain teachers have consistently demonstrated a deliberate indifference to the problem, denying Jewish students their right to participate fully in the educational process, free from discrimination and harassment, as guaranteed by the U.S. Constitution, the California Constitution, and state and federal law.

The Complaint alleges that Defendants engaged in a pattern and practice of intentional discrimination and harassment against Plaintiffs and their children based on their Jewish ancestry, race, ethnic characteristics, and/or national origin, including by, among other things:

- repeatedly refusing to conduct meaningful, unbiased, and effective investigations or undertake discernible remedial action in response to numerous antisemitic incidents on District campuses;
- distributing (and allowing to be distributed) instructional materials to students that gratuitously invoke anti-Israel and antisemitic tropes and that baselessly cast Israel and Jews as "aggressors";
- repeatedly imparting (and allowing to be imparted) antisemitic, ahistorical, and pro-Hamas narratives under the guise of teaching World History, ethnic studies, and geometry;

- taunting, ridiculing, and humiliating (and allowing such taunting, ridicule, and humiliation of) Jewish students who challenged their teachers' blatantly antisemitic lectures;
- actively concealing antisemitic teaching materials from concerned District parents;
- directing Jewish students to conceal outward signs of their religious identities to avoid becoming "targets" for antisemitic discrimination and harassment;
- enforcing (and allowing teachers to enforce) antisemitic and anti-Israel teachings through tests and quizzes designed to compel Jewish students to disavow their personal beliefs to receive passing grades;
- delivering (and allowing to be delivered) "ethnic studies" lessons presenting ahistorical anti-Israel falsehoods and depicting Jews as secret "puppet masters" influencing "dominant narratives," a once-common depiction in Nazi propaganda; and
- broadcasting (and allowing to be broadcast) schoolwide videos conveying the message that reducing "hatred" means opposing the State of Israel and its "genocidal" Jewish inhabitants.

Plaintiffs seek certain Court orders and declaratory and injunctive relief, as detailed in the Complaint. *See* Compl. at pp. 58–61. Absent such relief, Plaintiffs, their minor children, and others similarly situated will continue to suffer irreparable harm by Defendants' actions and deliberate inaction.

**B. Defendants' Contentions:**

While Defendants are employees and officials of the District, the relief sought by the Complaint is directed at the District itself. The Defendants contend that the allegations in the Complaint are inaccurate, incomplete, or do not otherwise support Plaintiffs' claim of a hostile learning environment or violation of constitutional rights, California, or federal law. The District's trustees, administrators, officials, and certain teachers have, in fact, addressed and been responsive to

such concerns when raised and taken additional steps to ensure that all District students and families feel supported by the District.

The District:

- Has completed investigation of reported incidents.
- Has, and continues, to adopt and implement curriculum approved by the State Board of Education, adopted and implemented a Board Policy regarding supplemental instructional materials, and has worked closely with the community to develop additional curriculum materials.
- Provides students and families with access to curriculum materials as required by the California Education Code.
- Takes appropriate action, pursuant to the California Education Code where personnel do not comply with the law or District policy.
- Takes appropriate action, pursuant to the California Education Code where students do not comply with the law or District policy.
- Has adopted and implemented policies regarding anti-discrimination, harassment, bullying, and retaliation, including complaint, investigation, and anti-retaliation measures.
- Has provided staff and students with anti-discrimination resources and training.

Defendants further contend that not all relief sought will benefit Plaintiffs and their children as some of the children are no longer enrolled in the District or, given their grade, will not be placed in the classes of the teacher identified in the Complaint.

## III. LEGAL ISSUES

### A. Plaintiffs' Contentions:

Key legal issues are set forth in the Complaint's allegations of eight causes of action against Defendants in their individual and official capacities. Specifically, Plaintiffs contend that Defendants engaged in a pattern and practice of intentional discrimination and harassment against Plaintiffs and their children based on their Jewish ancestry, race, ethnic characteristics, and/or national origin, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; that Defendants, acting under color of state law, violated Plaintiffs' and their children's rights to equal protection of the laws by

discriminating against Plaintiffs and their children based on their ethnic and religious identity as Jews, and their belief in Israel's right to exist as a Jewish nation, which they consider a fundamental aspect of their shared Jewish heritage, in violation of 42 U.S.C. § 1983, the Fourteenth Amendment of the U.S. Constitution, and Article I, § 7(a) of the California Constitution; that Defendants, acting under color of state law, substantially burdened Plaintiffs' and their children's free exercise of religion, in violation of 42 U.S.C. § 1983, the First Amendment of the U.S. Constitution, and Article I, § 4 of the California Constitution; that Defendants Gruszynski, Van Putten, Velschow, Porter, Leach, Hansen, Beal, Du Bois, Ginn, Koo, Nori, and Stevenson violated Plaintiffs' and their children's First Amendment right to be free from being coerced or compelled to speak in a manner contrary to their beliefs on issues of significant personal conviction, *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943); *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023), in violation of 42 U.S.C. § 1983, the First Amendment of the U.S. Constitution, and Article I, § 2 of the California Constitution; and that Plaintiffs' children were subject to harassment at SUHSD schools based on their Jewish ethnic and religious identities, were compelled to affirm or disavow personally and privately held world views, religious doctrines, and opinions, and were subject to instruction, instructional materials, and assessments that promoted discriminatory bias against Jews and Israel, in violation of Cal. Educ. Code §§ 220, 262.4, 49091.12(a), 51500, 51501, 51513, 60044, and 60045.

**B. <u>Defendants' Contentions:</u>**

The Defendants deny the Plaintiffs' contentions. Defendants contend that their actions have not violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, First Amendment of the U.S. Constitution, and Article I, § 4, of the California Constitution, the Fourteenth Amendment of the U.S. Constitution, and Article I, § 7(a), of the California Constitution, or the California Education Code, as alleged in the Complaint. Defendants further contend that several of the claims are legally untenable. These contentions include, but are not limited, to the contention that Title VI does not form a basis for claims against Defendants in their individual capacities and/or as to Defendants in their official capacities to the extent they do not exercise administrative control over a program or activity receiving federal funding (42 U.S.C. § 2000d); that the Eleventh Amendment bars Plaintiffs' Fifth, Sixth, Seventh, and Eighth Claims For Relief as they are based on California law and otherwise

bars relief against the District (*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)); that some of Plaintiffs' claims for declaratory and injunctive relief are moot (*Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789 (9th Cir. 1999)); that some of the Plaintiffs do not have standing to pursue their claims absent an actual, on-going case or controversy (*Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010)); and as objections to course materials may not be sufficient to support standing (*Caldwell v. Caldwell*, 543 F.3d 1126, 1133 (9th Cir.2008).

## IV. MOTIONS

The Parties have not yet filed any motions in this action. Should the Parties be unable to reach early resolution of this matter, the Parties anticipate that Defendants will file a motion to dismiss and/or to strike, to which Plaintiffs will respond; Plaintiffs will file a motion for a preliminary and/or permanent injunction, to which Defendants will respond; and the Parties may file motions for summary judgment.

## V. AMENDMENT OF PLEADINGS

Defendants have not yet responded to the Complaint. Defendants' response is currently due on February 28, 2025. Plaintiffs do not believe amendment of the Complaint is required, but will amend the Complaint if necessary or as ordered by the Court following resolution of any motion to dismiss Defendants may file. Plaintiffs will also amend the caption of the Complaint to substitute Defendants Carrie Du Bois and Shawneece Stevenson, who have concluded their tenure as members of the Sequoia Union High School District Board of Trustees and are no longer serving in these capacities. Pursuant to Federal Rule of Civil Procedure 25(d), these Defendants' successors are "automatically substituted as" parties to this action in their official capacities. Plaintiffs reserve all rights to maintain their claims against Carrie Du Bois and Shawneece Stevenson in their personal capacities, while Defendants maintain they should be dismissed in all capacities given their inability to implement the relief sought in the Complaint.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred

pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties served initial disclosures on February 13, 2025.

## VIII. DISCOVERY

The Parties have exchanged initial disclosures but have not otherwise pursued formal discovery while they continue to engage in early settlement discussions.

If the Parties are unable to reach an early settlement, Plaintiffs intend to seek discovery from the Defendants and the District, including, without limitation: written and oral reports of allegations of antisemitic discrimination or harassment; investigative records, including notes, statements, and other documents related to the investigation of such allegations; determination records, including the outcome of investigations and any disciplinary actions taken; student disciplinary records, employee disciplinary records, and personnel files; relevant communications and correspondence, including emails, letters, text messages, and any internal memoranda between school administrators, teachers, and staff regarding complaints and incidents of antisemitism; communications with parents, students, and external parties related to complaints and incidents of antisemitism; documents related to any internal discussions or decisions regarding the handling of complaints of antisemitism; relevant documentation from Board meetings, including minutes from Board meetings where issues of antisemitic discrimination and harassment were discussed; notes taken during these meetings by Board members or staff; presentations made to the Board regarding the handling of complaints, training programs, and policy updates; communications between Board members and District officials related to complaints of antisemitism and the District's response; documents related to the training and policies in place at the District, including training materials provided to staff and students on discrimination, harassment, and antisemitism; policies and procedures for handling complaints of discrimination and harassment; records of any training sessions conducted, including attendance records and training content; all relevant instructional materials used in the classroom, including lesson plans, handouts, textbooks, and multimedia materials; information regarding the source of such materials; records of any approvals or reviews of these materials by school administrators; any

revisions or updates made to the curriculum in response to complaints of antisemitism or bias; any climate assessments or surveys conducted by the District to assess the learning environment for Jewish students, including results of climate assessments or surveys; reports or analyses generated from these assessments; steps taken by the District in response to the findings of these assessments; records of any disciplinary actions taken against students or staff involved in incidents of antisemitism, including details of the incidents leading to disciplinary actions; records of the disciplinary process, including hearings, decisions, and appeals; any remedial measures or support provided to affected students; data and reports related to the Defendants' handling of antisemitic discrimination and harassment complaints, including interviews conducted with individuals who have information about the reported incidents; statements from the complainants, respondents, and any other relevant witnesses; records of any follow-up interviews or additional information gathered during the investigation; information on any remedial measures and support provided to affected students, including records of counseling, tutoring, safety measures, and other support services offered; documentation of the implementation and effectiveness of these measures; and communications with affected students and their families regarding the support provided.

Defendants intend to seek discovery from Plaintiffs, including, without limitation: all facts and records regarding the incidents alleged in the Complaint, records regarding Plaintiffs' communications regarding the incidents alleged in the Complaint, any complaints made to the District by Plaintiffs regarding the incidents alleged in the Complaint, social media posts or communications to any third-parties regarding the incidents alleged in the Complaint, any other records in Plaintiffs' possession regarding the incidents alleged in the Complaint, facts and records concerning the allegations that students were subject to a "traumatizing" environment, and student records and records regarding the current enrollment of Plaintiffs' children if outside the District. Defendants also intend to seek discovery from witnesses to the incidents alleged in the Complaint.

The Parties have discussed a stipulated ESI Protocol and Protective Order. Plaintiffs plan to provide Defendants with drafts of these documents for Defendants' consideration.

Should discovery proceed in this case, the Parties may seek leave to modify the number of depositions they are permitted to take pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i).

There are no discovery disputes at present.

**IX. CLASS ACTION**

This matter is not a class action.

**X. RELATED CASES**

None.

**XI. RELIEF**

Plaintiffs seek (1) injunctive and declaratory relief on all causes of action as specified in the Complaint; (2) the appointment of a qualified and impartial Special Master to oversee and monitor any relief ordered in this action; (3) an award of all costs of suit, including attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable law; and (4) any such other further relief as the Court deems just and proper.

Defendants contend that no relief is warranted by the Complaint, part of the relief requested is moot and not ripe for the Court's intervention, and that certain relief requested is beyond the scope of what is permissible under the law.

**XII. SETTLEMENT AND ADR:**

The Parties have complied with ADR Local Rule 3-5 and filed the required ADR certifications. The Parties are engaged in preliminary discussions concerning possible resolution of this matter. The Parties do not believe that this case is ripe for ADR, and plan to continue their discussions without engaging in an ADR process at this time.

Defendants are willing to make use of the Court's ADR process if the preliminary discussions are not productive.

**XIII. OTHER REFERENCES**

This case is not presently suitable for arbitration, a special master, or referral to the Judicial Panel on Multidistrict Litigation.

**XIV. NARROWING OF ISSUES**

**A. Plaintiff's Proposals**

1. Defendants are locally elected officials in, and/or teachers and administrators employed by, the Sequoia Union High School District ("District") in the State of California.

2. At all relevant times, the District receives federal financial assistance.

3. At all relevant times, the Defendants acted under color of state law.

**B. <u>Defendants' Proposals</u>**

1. Defendants Carrie Du Bois and Shawneece Stevenson no longer sit on the District's Board of Trustees.

2. Individual Defendants do not receive any federal financial assistance.

3. All relief requested is against the District, which is not a party to this lawsuit.

4. Plaintiffs have not submitted any complaints of discrimination to the District in the 2024-25 school year.

## XV. <u>SCHEDULING</u>

The Parties do not presently agree on a case schedule.

Plaintiffs propose the following case schedule:

| Event | Date |
|---|---|
| Last day to amend pleadings | 60 days from any decision on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) |
| Fact Discovery Cut-Off | December 5, 2025 |
| Expert Disclosure (Initial) | December 22, 2025 |
| Expert Disclosure (Rebuttal) | January 9, 2026 |
| Expert Discovery Cut-Off | January 30, 2026 |
| Last day to Hear Summary Judgment Motions | February 27, 2026 |
| Last day to Hear *Daubert* motions | March 27, 2026 |
| Final Pretrial Conference | April 17, 2026 |
| Trial | May 11, 2026 |

Defendants propose the following case schedule:

| Event | Date |
|---|---|
| Last day to amend pleadings | 60 days from any decision on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) |
| Fact Discovery Cut-Off | February 21, 2026 |
| Expert Disclosure (Initial) | November 21, 2026 |
| Expert Disclosure (Rebuttal) | January 5, 2026 |
| Expert Discovery Cut-Off | March 20 , 2026 |
| Last day to Hear Summary Judgment Motions | May 7, 2026 |
| Last day to Hear *Daubert* motions | June 12, 2026 |
| Final Pretrial Conference | August 3, 2026 |
| Trial | August 24, 2026 |

The Parties expect the trial to last approximately 7-10 court days.

**XVI. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties are not required to comply with FRCP 7.1 in this case as it is not a diversity action and the Parties are natural persons.

**XVII. PROFESSIONAL CONDUCT**

The Parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: February 21, 2025

ROPES & GRAY LLP

By: */s/ Ryan H. Weinstein*

Ryan H. Weinstein (Cal. Bar No. 240405)
10250 Constellation Boulevard
Los Angeles, California 90067
Telephone: +1 310 975 3310
Facsimile: +1 310 975 3400
ryan.weinstein@ropesgray.com

*Attorney for Plaintiffs*

DANNIS WOLIVER KELLEY

By: */s/ William B. Tunick*

William B. Tunick (Cal. Bar No. 245481)
200 California Street, Suite 400
San Francisco, CA 94111
Telephone: +1 415 543 4111
Facsimile: +1 415 543 4384
wtunick@dwkesq.com

*Attorney for Defendants*

**FILER'S ATTESTATION**

Pursuant to L.R. 5-1(i)(3), I, Ryan H. Weinstein, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its content.

DATED: 02/21/2025 */s/ Ryan H. Weinstein*