UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KASLE, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>KAREN VAN PUTTEN, et al.,<br><br>          Defendants. | Case No. 3:24-cv-08015-MMC  (KAW)<br><br>**ORDER TERMINATING 10/24/25 JOINT DISCOVERY LETTER WITHOUT PREJUDICE**<br><br>[Discovery Letter #1]<br><br>Re: Dkt. No. 116 |

On October 24, 2025, the parties filed a joint discovery letter regarding Defendants' review and collection of mobile data. (Dkt. No. 116.)

On October 20, 2025, however, the judiciary ran out of funding and only limited operations will continue until the ongoing lapse in government funding is resolved.  As a result, on October 20, 2025, the undersigned issued a Government Shutdown Standing Order that conferred additional requirements on parties during the pendency of the shutdown to alleviate some burden on court staff currently working without pay:

> [U]ntil the judiciary is funded, parties shall meet and confer before filing *any* substantive motion, including discovery disputes. The parties shall determine whether the litigation can proceed without the motion or whether the motion must be urgently resolved. If the latter, lead counsel shall file a certification with the filing of any substantive motion stating: (1) that the parties met and conferred, and (2) the basis for the urgency. Examples of urgency include fast-approaching deadlines imposed by the Court or matters that affect an individual's liberty interests. Failure to provide the certification will result in a *sua sponte* denial without prejudice.

(Judge Westmore Shutdown Standing Order at 1 (emphasis in original).)  The parties did not include a certification with their joint discovery letter, so the pending dispute is TERMINATED and the relief sought denied without prejudice.

Finally, to aid the parties in their meet and confer efforts, based only on a cursory review

1  of the letter, the Court is not convinced that Defendants' proposed "auditable [search] process"
2  comports with Federal Rule of Civil Procedure 34, as the amount of attorney supervision over the
3  search and production process appears to fall far below that contemplated by *In re Social Media*
4  *Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 22-MD-03047-YGR
5  (PHK), 2024 WL 4125618, at *14-16 (N.D. Cal. Sept. 6, 2024), which Defendants cite in support
6  of their proposal. (*See* Joint Letter at 4.)
7      This resolved Dkt. No. 116.
8      IT IS SO ORDERED.
9  Dated: October 27, 2025

KANDIS A. WESTMORE
United States Magistrate Judge