UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCERNED JEWISH PARENTS OF SEQUOIA UNION HIGH SCHOOL DISTRICT, *et al.,*<br><br>                    Plaintiffs,<br><br>        v.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT, *et al.,*<br><br>                    Defendants. | Case No. 3:24-cv-08015-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO APPROVE MINORS' COMPROMISE [ECF NO. 158]** |

**[PROPOSED] ORDER**

The Court, having reviewed Plaintiffs' Unopposed Motion to Approve the Compromise of the Claims of Minor Plaintiffs S.B. and W.K. (ECF No. 158), the Memorandum of Points and Authorities in support thereof, the Declaration of Ryan H. Weinstein ("Weinstein Decl.") and the exhibits attached thereto, and the papers, records, and pleadings on file herein, and good cause appearing therefor, HEREBY FINDS as follows:

1.    Plaintiff S.B. is a minor who appears in this action by and through her guardians ad litem, Igor and Marina Bershteyn. Plaintiff W.K. is a minor who appears in this action by and through his guardian ad litem, Margarette Kesselman.

2.    Pursuant to Federal Rule of Civil Procedure 17(c), the Court has conducted an independent inquiry into whether the settlement serves the best interests of the minor Plaintiffs.

3.    Under the Settlement Agreement and Mutual Release executed by the parties on May 23, 2026 (the "Settlement Agreement"), the District will pay a total Settlement Amount of $325,000. Weinstein Decl., Ex. 1 § 8.1. The Settlement Amount will be divided equally among the seven student Plaintiffs, with each minor Plaintiff receiving approximately $46,428. Weinstein Decl. ¶ 5.

4.    Because Plaintiffs' counsel represented Plaintiffs pro bono, no attorneys' fees or costs will be deducted from any student Plaintiff's share. Each minor Plaintiff's net recovery equals the full gross amount allocated to that minor.

5.    The net amount distributed to each minor Plaintiff is fair and reasonable in light of the facts of the case, the minors' specific claims, and recoveries in similar cases.

6.    The Settlement Agreement also provides substantial programmatic reforms—including policy revisions, enhanced complaint and investigation procedures, instructional materials preclearance, mandatory staff training, curriculum enhancement, climate surveys, and independent Neutral oversight—that directly benefit S.B. and W.K., who remain enrolled in District schools.

7.    The settlement was reached through arm's-length negotiations between experienced counsel, after substantial discovery and contested motion practice. The guardians ad litem were consulted at each stage regarding terms affecting their children and have consented to the settlement.

1

8.    The settlement is fair, reasonable, and in the best interests of minor Plaintiffs S.B. and W.K.

IT IS HEREBY ORDERED that:

1.    Plaintiffs' Unopposed Motion to Approve Minors' Compromise is GRANTED.

2.    The compromise of the claims of minor Plaintiffs S.B. and W.K. as set forth in the Settlement Agreement is APPROVED pursuant to Federal Rule of Civil Procedure 17(c).

3.    Each minor Plaintiff shall receive the sum of approximately $46,428 from the Settlement Amount, representing that minor's equal share of the total $325,000, without any deduction for attorneys' fees or costs.

4.    Defendants shall cause payment to be made in accordance with the terms and timeline set forth in Section 8.2 of the Settlement Agreement.

5.    The sum of $46,428 shall be deposited in an insured account at a California financial institution, in the name of S.B., a minor, subject to withdrawal only upon further order of this Court.

6.    The sum of $46,428 shall be deposited in an insured account at a California financial institution, in the name of W.K., a minor, subject to withdrawal only upon further order of this Court.

7.    Acknowledgements of receipt ~~will~~ shall be filed with the Court within 60 days of receipt of the settlement proceeds, as required by California Rules of Court, Rule 7.953(b).

8.    All restrictions on withdrawal imposed by this Order shall be lifted from each account when the respective minor account holder reaches the age of 18.

9.    The Court ~~shall~~ will retain jurisdiction over this action for purposes of enforcing the terms of the Settlement Agreement, including the programmatic reforms set forth therein, through at least June 30, 2029.

IT IS SO ORDERED.

DATED: June 12, 2026

HON. MAXINE M. CHESNEY
SENIOR UNITED STATES DISTRICT JUDGE

2